**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AGUS WIDADA, | No. 07-74297 |
| Petitioner, | Agency No. A095-634-567 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Agus Widada, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992), and de novo due process claims, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). We deny the petition for review.

The record does not compel the conclusion that Widada established changed or extraordinary circumstances that excuse the untimely filing of his asylum application. *See* 8 C.F.R. §§ 1208.4(a)(4), (5); *Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam). In addition, we reject Widada's contention that the BIA violated due process by declining to address his claim that the special registration requirement under 8 C.F.R. § 264.1(f)(4) constituted a change in the law excusing his untimely application. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring prejudice to prevail on a due process challenge).

Substantial evidence supports the agency's finding that Widada failed to establish a clear probability of persecution because the harassment and discrimination he experienced in Indonesia, even considered cumulatively, did not amount to past persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003). Substantial evidence also supports the IJ's finding that, even if he were a member of a disfavored group, Widada did not demonstrate a sufficiently

individualized risk of persecution.  *See id*. at 1184-85; *see also Wakkary v. Holder*, 558 F.3d 1049, 1066 (9th Cir. 2009) ("An applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail").  Accordingly, Widada's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Widada did not demonstrate it is more likely than not he would be tortured by or with the acquiescence of the Indonesian government.  *See id*. at 1067-68.

**PETITION FOR REVIEW DENIED.**