**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZHIQIANG ZHOU, | No. 12-70878 |
| Petitioner, | Agency No. A096-052-476 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2013[**]

Before:     FISHER, GOULD, and BYBEE, Circuit Judges.

Zhiqiang Zhou, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") denial of his motion to reopen removal

proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Thus, we deny Zhou's request for oral argument.

discretion the BIA's denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and we deny the petition for review.

The BIA did not abuse its discretion in denying Zhou's second motion to reopen as untimely and number-barred because the motion was filed over three years after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and Zhou failed to establish materially changed circumstances in China to qualify for the regulatory exception to the time and numerical limitations for motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *He v. Gonzales*, 501 F.3d 1128, 1132-33 (9th Cir. 2007) (documentation insufficient to establish changed circumstances); *see also Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (underlying adverse credibility determination rendered evidence of changed circumstances immaterial).

We reject Zhou's contention that the BIA's analysis was inadequate or incomplete. *See Najmabadi*, 597 F.3d at 990 (the BIA "does not have to write an exegesis on every contention").

**PETITION FOR REVIEW DENIED.**